UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN PERCY McCRAY,               :
                                 :
    Plaintiff,                    :
  v.                              :   CIVIL NO. 3:CV-16-0287
                                 :
WARDEN DeROSE, et al.,           :   (Judge Kosik)
                                 :
    Defendants.                   :

## MEMORANDUM

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

On February 18, 2016, while confined at the Dauphin County Prison, Pennsylvania ("DCP"), Plaintiff John Percy McCray filed this civil rights action pursuant to 42 U.S.C. § 1983. In the complaint, he names two defendants, Warden DeRose and Sergeant John Hoose. Along with the complaint, Plaintiff filed a motion for leave to proceed in forma pauperis and an authorization form. On March 8, 2016, an Order was issued directing the Clerk's Office to send out the waiver forms to defendants and granting his request to proceed without full prepayment of the filing fee. On the same date, an Administrative Order was issued. (Doc. 7.) Although a waiver of service form was returned by Defendant DeRose (Doc. 14) and he has filed a motion to dismiss the complaint (Doc. 15), service has not been achieved on Defendant Hoose. In fact, the waiver sent to Hoose was returned on March 17, 2016 and marked "Undeliverable as Addressed" and "Unable to Forward." (Doc. 10.)

On August 24, 2016, an order was issued directing Plaintiff to file his opposition to Defendant DeRose's pending motion to dismiss within fourteen (14) days. Plaintiff was further directed to provide the court with the correct name/address for Defendant Hoose to enable service of the complaint in this action. (Doc. 17.) Although this order was sent to Plaintiff's last known address on the docket, the DCP, the order was returned to the court on September 6, 2016 marked as "Undeliverable." (Doc. 18.) It was noted on the envelope that the mail was to be returned to the sender, it was unable to be delivered as addressed, and that it was unable to be forwarded. (Id.) The court then contacted the DCP and learned that Plaintiff had been released in March of 2016. A computerized inquiry conducted by the court subsequent thereto has been unable to locate Plaintiff, and he has failed to notify the court of any new address.

Federal Rule of Civil Procedure 41(b) authorizes the court to dismiss an action "[i]f the plaintiff fails to prosecute." The United States Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 631, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962). "Such a dismissal is deemed to be an

adjudication on the merits, barring any further action between the parties." Iseley v. Bitner, 216 F. App'x 252, 255 (3d Cir. 2007)(non-precedential).

Ordinarily when deciding, sua sponte, to dismiss an action as a sanction, a district court is required to consider and balance six factors enumerated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). However, when a litigant's conduct makes adjudicating the case impossible, an analysis of the Poulis factors is unnecessary. See Iseley, 216 F. App'x at 255 (citing Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990) and Spain v. Gallegos, 26 F.3d 439, 454-55 (3d Cir. 1994)); see also Williams v. Kort, 223 F. App'x 95, 103 (3d Cir. 2007)(non-precedential).[1]

In this instance, on February 19, 2016, the court sent Plaintiff a copy of our Standing Practice Order which advises pro se litigants of their obligation to notify the court of any change of address. (Doc. 4.) Plaintiff was warned that if he failed to

---

[1] Even if the court conducted an analysis pursuant to the factors in Poulis, the complaint in this action is still subject to dismissal. Clearly, Plaintiff is personally responsible for the court being unable to communicate with him. Moreover, there is much prejudice to the Defendant that has been served with the complaint and has filed a motion to dismiss in this action. It can only be assumed that Plaintiff is acting in bad faith based upon his failure to notify the court that he has been released and his failure to contact the court in this matter. There also are no alternative sanctions which would adequately punish Plaintiff. As such, the majority of the Poulis factors would weigh in favor of the complaint's dismissal under the circumstances presented herein.

notify the court of his change of address, he would be deemed to have abandoned his action. Plaintiff did not notify the court of his release from prison and has not communicated with the court in months. The past two mailings sent to Plaintiff at his last known address were returned to the court as undeliverable. At this point, as a result of Plaintiff's failure to notify the court of his present location, the court is unable to communicate with him. As such, it would be a waste of judicial resources to continue with this action. See Williams v. Wenerowicz, et al., Civil No. 1:CV-12-0118 (Caldwell, J.).